UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 10-20449
                                              Honorable David M. Lawson

v.

RONALD D'AGOSTINO,

        Defendant.
_____/

**OPINION AND ORDER DENYING MOTION
FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL**

Defendant Ronald D'Agostino was charged by the grand jury with five counts of engaging in the business of dealing in firearms without a federal firearms license, in violation of 18 U.S.C. § 922(a)(1)(A). Count III of the indictment was dismissed, and the defendant proceeded to trial on the remaining four counts, with trial beginning on October 26, 2010. A jury convicted the defendant on the remaining counts on November 2, 2010. During trial, the defendant moved for judgment of acquittal under Federal Rule of Criminal Procedure 29(a), and the Court denied the motion. Now before the Court is the defendant's written motion for judgment of acquittal under Rule 29(c) or for a new trial under Rule 33. The government has filed an answer in opposition to the motion. The Court has reviewed the submissions of the parties and finds that the relevant law and facts have been set forth in the motion papers and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

The defendant argues that he is entitled to a judgment of acquittal because the government failed to prove that he was engaged in firearms dealing as a regular course of his business and with

the main objective of earning a profit. He argues that he is entitled to a new trial because the prosecutor engaged in misconduct by knowingly offering false testimony through witness Brian Alwes, an agent with the Bureau of Alcohol, Tobacco and Firearms (BATF). The Court has considered both arguments and finds them to be without merit.

### A. Motion for Judgment of Acquittal

A defendant may move for a judgment of acquittal after the jury has been discharged in a criminal case. Fed. R. Crim. P. 29(c). When addressing such a motion, the Court must view the evidence in the light most favorable to the prosecution and determine whether there was sufficient evidence offered at trial to convince a rational trier of fact beyond a reasonable doubt that all of the elements of the charged crimes had been established. *United States v. Graham*, 622 F.3d 445, 448 (6th Cir. 2010). "The relevant question in assessing a challenge to the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. McAuliffe*, 490 F.3d 526, 537 (6th Cir. 2007). "[A] defendant claiming insufficiency of evidence bears a very heavy burden." *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (internal quotation marks).

In each of the counts, the government alleged that the defendant violated 18 U.S.C. § 922(a)(1)(A). That statute provides:

> It shall be unlawful . . . for any person . . . except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce. . . .

18 U.S.C. § 922(a)(1)(A). In order to establish that the defendant committed this offense, the government must prove that on or about the date charged, (1) the defendant engaged in the business of dealing in firearms; (2) that he did not have a license as a dealer in firearms; and (3) that he acted

willfully. *See United States v. Caldwell*, 49 F.3d 251, 252-53 (6th Cir. 1995); *United States v. Partington*, 21 F.3d 714, 718 (6th Cir. 1994); *see also Bryan v. United States*, 524 U.S. 184, 189 (1998).

At trial, the government offered evidence from a witness who testified that, although the defendant at one time had a federal firearms dealers license, he had surrendered that license prior to the dates charged in the indictment and retained only a curios and relics license. From that evidence, a reasonable jury could have inferred that the defendant did not have a license to deal in firearms, and he was aware that federal law requires a license to deal in firearms. Consequently, there can be little doubt that the first and third elements of the crime were satisfied. *See Bryan*, 524 U.S. at 189.

It appears that the main thrust of the defendant's argument, however, is that the government failed to prove that the defendant was "engaged in the business" of dealing in firearms. The statutory definition of that term is as follows:

> The term "engaged in the business" means * * * a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principle objective of livelihood and profit through the repetitive purchase and resale of firearms, but such terms shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

18 U.S.C. § 921(a)(21)(C). That definition was added by Congress in 1986 to resolve a circuit split over the proper construction of the term. However, the Sixth Circuit has long held that the term requires proof of a profit motive. *See United States v. Day*, 476 F.2d 562, 567 (6th Cir. 1973) (approving a jury instruction defining a gun dealer as "one that is engaged in any business of selling,

repairing or pawning firearms and that business is that which occupies the time, attention and labor of the man for the purpose of livelihood or profit").

In *Day*, the government presented evidence that undercover agents purchased guns from the defendant on four separate occasions over a two-month period. When the purchases were made, the defendant told the agent that he could get him other kinds of guns. Multiple weapons were discovered during a search of the defendant's residence. The court held that the evidence was sufficient to support a conviction for violating 18 U.S.C. § 922(a)(1). *Ibid.* ("This evidence, we hold, was sufficient to show that Day was engaged in the business of selling guns.").

During the trial in this case, the government offered testimony from BATF agents who purchased firearms from the defendant at gun shows on three different occasions, buying a total of eight firearms. Some of the weapons sold by the defendant were purchased by him a short time earlier from a firearms dealer in Bad Axe, Michigan. An audio and videotape recording was introduced into evidence depicting the defendant at a gun show, at which he was heard to say, "this is all I do for a living," and "if I don't sell, I don't eat." The search warrant executed at the defendant's residence yielded dozens of firearms on the premises. From this evidence, a reasonable fact-finder could conclude that the government proved the second element of the crime beyond a reasonable doubt.

### B. Motion for New Trial

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision whether to grant a new trial is left to the sound discretion of the district court." *United States v. Pierce*, 62 F.3d 818, 823 (6th Cir. 1995). "A reversal based on the verdict being against the manifest weight of the evidence

is proper when the government has presented sufficient evidence to convict, but the judge disagrees with the jury's resolution of conflicting evidence." *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). "A district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (quoting *Lutz*, 154 F.3d at 589).

The defendant argues that he is entitled to a new trial because the government offered false testimony to the jury. This argument is not particularly well developed in the defendant's brief. It appears to be based on the testimony of Brian Alwes, a BATF agent, who responded to a question on cross-examination that the reason he initiated an investigation of the defendant's activities regarding firearms was because he had received "multiple, multiple trace violations." That testimony, apparently, constituted an explanation of the witness's personal threshold triggering his duty to investigate the source of the sale of firearms involved in other criminal activity.

To obtain relief based on allegations of this sort, the defendant "must show (1) that the prosecution presented false testimony (2) that the prosecution knew was false, and (3) that was material." *Abdus-Samad v. Bell*, 420 F.3d 614, 625-26 (6th Cir. 2005). "Moreover, the defendant must show that the statement in question was 'indisputably false,' rather than merely misleading." *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000) (quoting *United States v. Lochmondy*, 890 F.2d 817, 823 (6th Cir. 1989)).

The defendant believes that witness Alwes was making reference to an internal rule or regulation established by BATF for pursuing criminal investigations. A fair assessment of the witness's testimony on cross-examination in context dispels that notion. The witness was merely

responding to questions from defense counsel and explaining why he undertook a criminal investigation rather than less drastic measures with respect to the defendant's gun sale activity. Even if that testimony can be considered misleading, the defendant has not convinced the Court that it was false, and it certainly was not knowingly presented as false testimony by the prosecution. Moreover, the information itself was not material. The cause for initiating the investigation had no bearing on any of the elements of the crime itself.

The Court does not find a basis for granting a new trial to the defendant.

**C. Conclusion**

The court finds that the government offered evidence to prove each of the elements of the crimes charged beyond a reasonable doubt. The court also finds that the interests of justice do not require a new trial in this case.

Accordingly, it is **ORDERED** that the defendant's motion for judgment of acquittal or new trial [dkt. #30] is **DENIED**.

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Dated: January 20, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 20, 2011.

                                  s/Deborah R. Tofil
                                  DEBORAH R. TOFIL